Christopher C. Voigt (MT Bar #5911)
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT 59103-2529
406-252-3441
cvoigt@crowleyfleck.com

*Attorneys for Philadelphia Indemnity Ins. Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>GREAT FALLS RESCUE MISSION,<br><br>Defendant. | Cause No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Pursuant to 28 U.S.C. § 2201 *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff Philadelphia Indemnity Insurance Company ("PIIC"), by and through its attorneys, brings this Complaint for Declaratory Relief against Great Falls Rescue Mission ("GFRM") and alleges as follows:

## NATURE OF ACTION

1. This is a declaratory judgment action regarding insurance coverage.

Through this action, PIIC seeks to have this Court declare that: (1) the insurance policies issued by PIIC to Defendant GFRM do not provide any additional coverage for the claims asserted against GFRM by various claimants in regards to molestation that occurred in the summer of 2016 by Kendle Burgos because policy limits have been exhausted settling other claims; (2) that PIIC therefore has no duty to defend or indemnify GFRM for the additional claims being made; and (3) that PIIC is entitled to withdraw from the defense of GFRM for the additional claims.

## PARTIES

2.  Plaintiff PIIC is an insurance business corporation organized and existing under the laws of the State of Pennsylvania. PIIC was authorized to transact business in the State of Montana at all relevant times. PIIC's principle place of business is Bala Cynwyd, Pennsylvania.

3.  GFRM is a nonprofit Montana corporation with its principal place of business located in Great Falls, Cascade County, Montana.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.  This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. § 2201 *et seq.* because there is uncertainty and insecurity regarding the rights, status, and other legal relations between the parties with respect to whether PIIC has a duty to defend or indemnify GFRM under the relevant insurance policies.

6. This Court has personal jurisdiction over PIIC because (a) it is a company that at all times relevant to this action transacted business in Montana, and (b) it entered into a contract to insure persons within Montana at the time of contracting.

7. This Court has personal jurisdiction over GFRM because it is a corporation organized under the laws of the State of Montana with its principal place of business located in Cascade County, Montana.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 1.2(c)(3) in light of the allegations set forth herein.

9. A determination of the parties' respective rights with respect to whether PIIC has a duty to defend or indemnify GFRM would terminate the uncertainty or controversy giving rise to this proceeding.

## FACTUAL ALLEGATIONS ENTITLING PIIC TO DECLARATORY RELIEF

**A.     Underlying Lawsuit, Its Settlement, and Additional Claims**

10. This matter arises in June 2018, when Kendle Burgos, a volunteer camp assistant, allegedly molested multiple young girls during a youth camp

sponsored by GFRM.

11. PIIC and GFRM were aware of approximately 5 to 6 potential claimants. However, only one girl, ZM, made a claim and filed a lawsuit.

12. PIIC provided defense and indemnity to GFRM for the ZM lawsuit.

13. ZM made a policy limit settlement demand of $1,000,000 to settle the lawsuit and release GFRM from liability.

14. The total aggregate limit of policy coverage to GFRM from PIIC was $1,000,000.

15. On May 6, 2019, GFRM, through its personal counsel, demanded that PIIC pay policy limits to ZM in exchange for a release of GFRM. (Exh. A). GFRM reasoned that there was a risk of an adverse verdict against GFRM, that GFRM could not absorb the negative publicity of a trial, and that PIIC had a fiduciary duty to settle the one claim that had been made against GFRM.

16. On May 14, 2019, coverage counsel for PIIC sent an email to personal counsel for GFRM, explicitly setting forth that coverage would be exhausted and a duty to defend against future claims would not exist if a policy limits settlement of the ZM lawsuit were to occur. (Exh. B). In response, GFRM personal counsel stated that GFRM "gave careful consideration" to the coverage implications of demanding a settlement of the ZM lawsuit and "reiterated" the demand that PIIC pay the full policy limits to resolve the ZM lawsuit. Id.

17. In accordance with the direct demand of its insured, PIIC resolved the ZM lawsuit by paying policy limits and securing a full release of GFRM.

18. Subsequent to the settlement and payment of policy limits, additional claimants have come forward with their claims against GFRM based on the actions of Kendle Burgos. GFRM asserts that there are four additional claimants to PIIC's policy limit.

19. GFRM has demanded that PIIC defend and indemnify GFRM against these additional claims.

20. Pursuant to Montana law, PIIC has hired defense counsel to defend GFRM against the additional claims. However, PIIC does not believe that a duty to defend or duty to indemnify exists because it has exhausted its policy limit.

**B.     The Policies**

21. Relevant to the additional claims, PIIC issued two policies to GFRM:

(a)     Policy Number PHPK1439694 with a policy period from January 1, 2016 to January 1, 2017 (the CGL Policy); and

(b)     Policy Number PHUB527111 with the same policy period (the "Umbrella Policy").

22. The CGL Policy provided commercial general liability coverage, among multiple other coverages. The entire policy is attached as Exh. C. PIIC incorporates the CGL Policy and coverage parts as though set forth fully here. The

relevant portions of the coverage is attached as Exh. D. PIIC agrees that inclusion of Exh. D does not waive GFRM's ability to argue that other policy provisions are applicable.  PIIC simply provides Exh. D as a courtesy to the Court as to what it believes to be the applicable policy provisions.

23. Coverage under the CGL Policy's commercial general liability form – Coverage A, provides:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

24. The CGL Policy's commercial general liability form contains a complete Abuse or Molestation Exclusion Endorsement:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
> 1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
> 2. The negligent:
>    a. Employment;
>    b. Investigation;
>    c. Supervision;
>    d. Reporting to the proper authorities, or failure to so report; or
>    e. Retention
>    of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.

25. Although excluded from the commercial general liability coverage,

the CGL Policy does contain a separate coverage form entitled Sexual or Physical Abuse or Molestation Vicarious Liability Coverage Form ("SAM Coverage").

26.     The declarations page for the SAM Coverage sets forth policy limits of $1,000,000 for "Each Abusive Conduct Limit" and $1,000,000 "Aggregate Limit."

27.     The SAM Coverage insuring agreement provides coverage for certain covered "abusive conduct." It then provides:

> Subject to the above provisions, we have the right and duty to defend any "suit" seeking "damages" because of another person's "abusive conduct". However, we have no duty to defend the insured against any "suit" seeking "damages" to which this insurance does not apply. We may at our discretion, investigate any "abusive conduct" and settle any claim or "suit" that may result. But,
> (a) The amount we will pay for "damages" as described in (Section III) LIMIT OF INSURANCE; and
> (b) Our right and duty to defend end when we have used up our applicable limit of insurance in the payment of "damages".

28.     SECTION III – LIMIT OF INSURANCE of the SAM Coverage provides:

> 1. The limit of insurance shown in the Declarations and the rules below fix the most we will pay "damages" regardless of the number of:
>    a. Insureds;
>    b. claims made or "suits" brought; or
>    c. persons or organizations making claims or bringing "suits".
> 2. The limit of insurance shown in the Declarations for each "abusive conduct" is the most we will pay for all "damages" incurred as the result of any claim of "abusive conduct". Two or more claims for "damages" because of the same incident or interrelated incidents of "abusive conduct" shall be:

      a. considered a single claim; and
      b. such claims, whenever made, shall be assigned to only one policy (whether issued by us or any other insurer) and if that is this policy, only one limit of insurance shall apply.
3. The aggregate limit shown in the Declaration is, subject to paragraph 2. of this Section, the total limit of our liability for all "damages" to which this insurance applies.

The limits of this Coverage Part apply separately to each consecutive annual period[.]

29.    "Abusive Conduct" is defined in the SAM Coverage as follows:

"Abusive conduct" means each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct performed by one person or two or more people acting together. Each, every and all actual, threatened or alleged acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct committed by, participated in by, directed by, instigated by or knowingly allowed to happen by one or more persons shall be considered to be one "abusive conduct" regardless of:
a. the number of injured parties;
b. the period of time over which the acts of physical abuse, sexual abuse, sexual molestation or sexual misconduct took place; and
c. the number of such acts or encounters.

"Abusive conduct" consisting of or comprising more than one act of physical abuse, sexual abuse, sexual molestation or sexual misconduct shall be deemed to take place, for all purposes within the scope of this policy, at the time of the first such act or encounter.

30.    The Umbrella Policy's insuring agreement provides:

We will pay on behalf of the insured the "ultimate net loss" in excess of the "applicable underlying limit," whether or not collectible, which the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies.

A true and correct copy of the Umbrella Policy is attached as Exh. E.

31. The Umbrella Policy contains a complete Abuse or Molestation Exclusion, which provides:

> This insurance does not apply to any liability, damage, loss, cost or expense arising out of:
> 1. The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured;
> 2. The negligent:
>    a. Employment;
>    b. Investigation;
>    c. Supervision;
>    d. Reporting to proper authorities, or failure to so report; or
>    e. Retention;
>    of a person for whom any insured is or ever was legally responsible or for whom any insured may have assumed the liability; and whose conduct would be excluded by 1. above; or
> 3. Any applicable coverage provided in the "underlying insurance."

## COUNT I – DECLARATORY RELIEF

32. PIIC incorporates the allegations of the preceding paragraphs as though set forth fully here.

33. The CGL Policy's commercial general liability coverage form does not provide any coverage for the additional claims due to the total Abuse or Molestation Exclusion.

34. The CGL Policy's SAM Coverage does not provide any coverage for the additional claims as the aggregate limit of the SAM Coverage has been exhausted at the specific direction of the insured.

35. There is no duty to defend or indemnify GFRM against the additional claims under the CGL Policy.

36. The Umbrella Policy does not provide any coverage for the additional claims due to the total Abuse of Molestation Exclusion.

37. There is no duty to defend or indemnify GFRM against the additional claims under the Umbrella Policy.

38. PIIC requests that this Court declare that there is no coverage triggered under the CGL Policy or the Umbrella Policy for the additional claims and that, correspondingly, PIIC has no duty to defend or indemnify GFRM against the additional claims.

39. PIIC requests this Court further declare that PIIC is entitled to withdraw any defense provided to GFRM against the additional claims and that PIIC is entitled to recoup the costs of defense from GFRM.

## RELIEF REQUESTED

WHEREFORE, PIIC prays for the following relief:

1. For a declaration that PIIC has no duty to defend or indemnify GFRM against the additional claims;

2. For a declaration that PIIC is entitled to withdraw any defense of GFRM against the additional claims;

3. For an award of reasonable costs and attorney fees as allowed by law, both for this action and for the defense provided against the additional claims;

4. For such other and further relief as this Court deems just and proper.

Dated this 7th day of December 2020.

                              Christopher C. Voigt (MT Bar #5911)
                              CROWLEY FLECK PLLP
                              P. O. Box 2529
                              Billings, MT  59103-2529

                              *Attorneys for Philadelphia Indemnity Ins. Co.*