IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE CO., | CV 20–116–GF–DLC |
| Plaintiff and Counter-Defendant, | |
| vs. | ORDER |
| GREAT FALLS RESCUE MISSION, | |
| Defendant and Counter-Plaintiff, | |
| and | |
| R.B., S.G., and M.G. | |
| Intervenor-Defendants and Counter-Plaintiffs. | |

Before the Court is Plaintiff and Counter-Defendant Philadelphia Indemnity Insurance Company's Unopposed Motion for Clarification of Court's Scheduling Order. (Doc. 50.) PIIC and Defendant and Counter-Plaintiff Great Falls Rescue Mission have both moved for summary judgment. (Docs. 42; 44.) But PIIC interpreted the Court's scheduling order (Doc. 36) to prohibit reply briefs and seeks clarification as to whether they are allowed. (Doc. 50 at 1–2.)

In its scheduling order, the Court set a motions deadline of August 20, 2021. (Doc. 36 at 2.) This deadline carried the marking "fully briefed" which the

1

scheduling order explained meant "the brief in support of the motion and the opposing party's response brief" must be filed by that date. (*Id.* at 8–9.) This language merely tracks the District's Local Rules, which consider a motion "ripe for ruling at the close of the time for a response." L.R. 7.1(d)(1)(D). Reply briefs are optional. *Id.* 7.1(d)(1)(C).

Put another way, the motions deadline ensures all motions are ripe for ruling upon its expiration. Of course, reply briefs may be filed after the expiration of the motions deadline, assuming they are timely. But a motion may be ruled on before a reply brief is due and a party need not file one at all without adverse consequences to the Court's treatment of a pending motion. This contrasts with opening and response briefs, which must be filed to properly initiate or contest a pending motion. *See* L.R. 7.1(d)(1)(A) (noting the failure to file an opening "brief will result in denial of the motion"); *Id.* 7.1(d)(1)(B(ii) (noting the failure "to file a response brief may be deemed an admission that the motion is well-taken"). In short, the Court's scheduling order does not prohibit reply briefs, they simply need not be filed by the expiration of the motions deadline.

Accordingly, IT IS ORDERED that the Court clarifies its scheduling order (Doc. 36), as previously set forth in this Order. Reply briefs are allowed.

DATED this 9th day of September, 2021.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court

2